THOMAS J. MALLON, ESQ.
Attorney-at-Law
86 Court Street
Freehold, NJ 07728
(732) 780-0230
Attorney for Plaintiff James Monahan

| | |
|---|---|
| **JAMES MONAHAN**<br><br>    Plaintiff,<br><br>  vs.<br><br>**BOROUGH OF SEASIDE HEIGHTS**;<br>**THOMAS BOYD,** Chief of Police;<br>**DETECTIVE STEPHEN KORMAN,**<br>**SERGEANT JAMES HANS,**<br>**SERGEANT RICHARD ROEMMELE,**<br>**JOHN DOES 6-10,** Personnel of the Seaside Heights Police Department in supervisory capacities;<br>**RYAN DUNNE, BRIAN McLAUGHLIN,** and **JOHN DOES 1-5,** members of the Seaside Heights Police Department,<br><br>    Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT COURT OF NEW JERSEY<br>TRENTON<br><br><br>Civil Action No.:  -   ( - )<br><br><br>**COMPLAINT** |

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. Section 1983 and in accordance with the Fourth and Fourteenth Amendments of the Constitution of the United States of America. Jurisdiction is conferred under 28 U.S.C. Section 1331 and Section 1343(3). This Court has supplemental jurisdiction over Plaintiff's State law claims pursuant to 28 U.S.C. Section 1367.

## PARTIES

2. Plaintiff James Monahan, residing at 73 Periwinkle Lane, Toms River, NJ, 08753 is and was, at all times herein relevant, a citizen of the United States and a resident of the State of New Jersey.

3. Defendants Ryan Dunne, Brian McLaughlin and John Does 1-5 were at all times mentioned herein duly appointed and acting police officers of the Seaside Heights Police Department and at all times herein were acting in such a capacity as the agents, servants and/or employees of the Borough of Seaside Heights and were acting under the color of law.

4. Defendants Chief of Police Thomas Boyd; Stephen Korman; James Hans; Richard Roemmele, and/or John Does 6-10 were at all times mentioned herein duly appointed and acting members of the Seaside Heights Police Department and at all times herein were acting in such capacities as the agents, servants and/or employees of the Borough of Seaside Heights and were acting under the color of law.

5. Defendants Chief of Police Thomas Boyd; Stephen Korman; James Hans; Richard Roemmele, and/or John Does 6-10 were acting in supervisory capacities over Defendants Korman; Hans; Roemmele; Dunne; McLaughlin, and/or John Does 1-10 and responsible by law for the training, supervision and conduct of Defendants Korman; Hans; Roemmele; Dunne; McLaughlin, and/or John Does 1-10.

6. Defendant Borough of Seaside Heights is a duly designated municipality of the state of New Jersey, under the laws of the state of New Jersey.

7. At all times relevant hereto, Defendant Borough of Seaside Heights employed the aforementioned Defendants. As such, it was responsible for the training, supervision and conduct of Defendants Boyd; Korman; Hans; Roemmele; Dunne; McLaughlin, and/or John Does 1-10.

8. Suit is brought against all individually named Defendants in their personal and official capacities.

## FACTUAL ALLEGATIONS

1. On January 7, 2012 Plaintiff James Monahan was arrested for disorderly conduct outside the Bamboo Bar in Seaside Heights.

2. Plaintiff was transported to Seaside Heights Police headquarters, where he was assaulted without justification and with excessive force by Defendants Ryan Dunne, Brian McLaughlin and/or John Does 1-5.

3. Plaintiff sustained bodily injuries related to this incident all caused by the excessive force utilized by Defendants Dunne, McLaughlin and/or John Does 1-5.

4. The criminal charge against Plaintiff has been resolved.

## SECTION 1983 EXCESSIVE FORCE
## COUNT ONE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. As a direct and proximate result of the above-referenced unlawful and malicious physical abuse of Plaintiff by Defendants Dunne, McLaughlin and/or John Does 1-5 committed under color of state law, Plaintiff sustained bodily harm and was deprived of his right to be secure in his person against unreasonable seizure of his person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and U.S.C. Section 1983.

3. As a direct and proximate cause of the malicious and outrageous conduct of Defendants as set forth above, Plaintiff suffered bodily injuries, medical expenses, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE,** Plaintiff James Monahan demands judgment against Defendants Ryan Dunne; Brian McLaughlin and John Does 1-5, on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## SECTION 1983 FAILURE TO INTERVENE
## COUNT TWO

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Dunne, McLaughlin and/or John Does 1-5 were Seaside Heights Police Officers and at all times mentioned herein were acting under color of state law.

3. Defendants Dunne, McLaughlin and/or John Does 1-5 had a duty to intervene in the unjustified assault of Plaintiff by Defendants Dunne, McLaughlin and/or John Does 1-5.

4. The unjustified assault of Plaintiff by Defendants Dunne, McLaughlin and/or John Does 1-5 deprived Plaintiff of his right to be secure in his person against unreasonable seizure in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and made actionable through 42 U.S.C. Section 1983.

5. Defendants Dunne, McLaughlin and/or John Does 1-5 had a reasonable opportunity to intervene in the unjustified assault of Plaintiff by Defendants Dunne, McLaughlin and/or John Does 1-5 and failed to intervene.

6. As a direct and proximate cause of Defendants' Dunne, McLaughlin and/or John Does 1-5's failure to intervene, Plaintiff suffered physical injury, medical expenses, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff James Monahan demands judgment against Defendants Ryan

Dunne, Brian McLaughlin and John Does 1-5 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## SECTION 1983 SUPERVISORY LIABILITY
## COUNT THREE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Richard Roemmele, John Doe 2 and/or John Does 6-10 were supervisory officials and/or officers in charge at the time Plaintiff was arrested and assaulted.

3. Defendants Roemmele, John Doe 2 and/or John Does 6-10 had a duty to prevent subordinate officers Defendants Dunne, McLaughlin and/or John Does 1-5 from violating the constitutional rights of citizens and/or detainees.

4. Defendants Roemmele, John Doe 2 and/or John Does 6-10 either directed Defendants Dunne, McLaughlin and/or John Does 1-5 to violate Plaintiff's constitutional rights or had knowledge of and acquiesced in his/their subordinates violations.

5. As a direct and proximate result of the acts of Defendants Roemmele, John Doe 2 and/or John Does 6-10 as set forth herein, Plaintiff suffered physical injury, medical expenses, and will suffer additional special damages in the future in an amount which cannot yet be determined in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

**WHEREFORE,** Plaintiff James Monahan demands judgment against Defendants Richard Roemmele, John Does 2 and/or John Does 6-10 on this Count together with

compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

### SECTION 1983 UNLAWFUL CUSTOM, PRACTICE, POLICY/ INADEQUATE TRAINING
### COUNT FOUR

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Borough of Seaside Heights Police Department; Boyd; Korman; Hans; Roemmele, and/or John Does 6-10, are vested by state law with the authority to make policy on : (1) the use of force; internal affairs investigations and/or administrative reviews pursuant to Seaside Heights Police Department policies, practices and/or customs and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines; (2) effectuating arrests; (3) police citizen encounters, and/or (4) disciplining officers. Defendants Boyd; Korman; Hans; Roemmele, and/or John Does 6- 10 are responsible for training Police Officers in the use of force and/or were officers in charge when Plaintiff James Monahan was assaulted.

3. Specifically, Defendant Thomas Boyd is the Chief of Police. Defendant Stephen Korman is the Seaside Heights police department Internal Affairs investigator. Defendant James Hans is the Seaside Heights police department Use of Force instructor. Defendant Richard Roemmele was a supervisor and/or the officer in charge at the time of Plaintiff's arrest.

4. At all times mentioned herein, Defendants Boyd; Korman; Hans; Roemmele, and/or John Does 1- 10, as police officers, agents, servants and/or employees of Defendant Borough of Seaside Heights, were acting under the direction and control of Defendants Borough of Seaside Heights Police Department; Boyd; Korman; Hans; Roemmele, and/or John Does 6-10, and were acting pursuant to the official policy, practice or custom of the Borough of Seaside Heights Police

Department.

5. Acting under color of law pursuant to official policy, practice, or custom, Defendants Borough of Seaside Heights; Boyd; Korman; Hans; Roemmele, and/or John Does 6-10 intentionally, knowingly, recklessly and/or with deliberate indifference failed to train, instruct, supervise, control, and discipline on a continuing basis, Defendants Boyd; Korman; Hans; Dunne; McLaughlin, and/or John Does 1-10 in their duties to refrain from: (1) unlawfully and maliciously assaulting, arresting and harassing citizens; (2) intentionally, recklessly and/or negligently misrepresenting the facts of arrests and/or other police-citizen encounters; (3) falsifying police and/or other official records; (4) withholding and/or mishandling evidence; (5) making false arrests, and/or (6) using unreasonable and excessive force.

6. Acting under color of law pursuant to official policy, practice, or custom, Defendants Borough of Seaside Heights, Boyd; Korman; Roemelle, and/or John Does 6-10 intentionally, knowingly, recklessly and/or with deliberate indifference implemented and/or conducted superficial and shallow Internal Affairs processes which ignored evidence and patterns of police misconduct on individual and departmental levels. Defendants Borough of Seaside Heights, Boyd; Korman, and/or John Does 6-10 failed to professionally, objectively and/or expeditiously investigate instances and patterns of police misconduct in violation of the spirit and substance of the New Jersey Attorney General's Guidelines for Internal Affairs Policy and Procedures.

7. Defendants Boyd; Korman; Hans; Roemmele; John Doe 2 and/or John Does 6-10 failed to adequately track departmental excessive force complaints, administrative complaints and/or use of force incidents in violation of Seaside Heights Police Department policies, practices, customs and/or guidelines and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines, and/or failed to discipline officers for such violations.

8. Defendants Borough of Seaside Heights; Thomas Boyd; Stephen Korman; James Hans; Richard Roemmele, and/or John Does 6-10 were aware of numerous similar police citizen encounters involving, and/or Internal Affairs complaints filed against, Defendants Dunne, McLaughlin; John Does 1-10, and/or other Seaside Heights Police Officers whereby they customarily and frequently subjected citizens held in custody to physical and mental abuse; unlawfully and maliciously assaulted, arrested and harassed citizens; intentionally, recklessly and/or negligently misrepresented the facts of arrests and/or other police-citizen encounters; falsified police and/or other official records; made false arrests, mishandled and/or withheld evidence and/or used unreasonable and excessive force on citizens/arrestees.

9. Despite their awareness, Defendants Borough of Seaside Heights; Boyd; Korman; Hans; Roemmele, and/or John Does 6-10 failed to employ any type of corrective or disciplinary measures against Defendants Boyd; Korman; Hans; Roemmele; Dunne; McLaughlin; John Does 1-10, and/or other Seaside Heights Police Officers.

10. Defendants Borough of Seaside Heights; Boyd; Korman; Hans; Roemmele, and/or John Does 6-10 had knowledge of, or, had they diligently exercised their duties to instruct, train, supervise, control, and discipline Defendants Boyd; Korman; Hans; Roemmele; Dunne; McLaughlin and/or John Does 1-10 on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed.

11. Defendants Borough of Seaside Heights; Boyd; Korman; Hans; Roemmele, and/or John Does 6-10 had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, recklessly and/or with deliberate indifference failed to do so.

12. Defendants Borough of Seaside Heights; Boyd; Korman; Hans; Roemmele, and/or John

Does 6-10, directly or indirectly, under color of state law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants Boyd; Korman; Hans; Roemmele, and/or John Does 1-10 heretofore described.

13. As a direct and proximate result of the acts of Defendants Borough of Seaside Heights; Boyd; Korman; Hans; Roemmele, and/or John Does 6-10 as set forth herein, Plaintiff suffered physical injury, medical expenses, and will suffer additional special damages in the future in an amount which cannot yet be determined in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff James Monahan demands judgment against Defendants Borough of Seaside Heights; Thomas Boyd; Stephen Korman; James Hans; Richard Roemmele, and/or John Does 6-10, on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## SECTION 1983 DEMAND FOR PROSPECTIVE INJUNCTIVE RELIEF
## COUNT FIVE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Pursuant to 42 USC Section 1983, given that there exists no adequate remedy at law, Plaintiff is entitled to prospective injunctive relief against the Defendants.

3. The relief sought by Plaintiff includes, but is not limited to, the following:

   a. An order permanently restraining and enjoining Defendants Borough of Seaside Heights; Thomas Boyd; Stephen Korman; James Hans; Richard Roemmele; Ryan Dunne; Brian McLaughlin, and John Does 1-10 from engaging in, encouraging, teaching, promoting or training Seaside Heights Police Officers in falsely arresting, maliciously prosecuting, maliciously abusing process, and/or using excessive force against citizens and/or arrestees.

 b.  An order compelling Defendant Borough of Seaside Heights to take prompt, appropriate and corrective measures to prevent any practices that encourage, teach, engage in, promote or train its officers in falsely arresting, maliciously prosecuting, maliciously abusing process and/or using excessive force against citizens and/or arrestees.

 c.  An order compelling Defendant Borough of Seaside Heights to provide regular and consistent training sessions to Seaside Heights Police Officers.

 d.  An order compelling Defendant Borough of Seaside Heights to implement a system whereby prompt, appropriate action is taken against any Seaside Heights Police Officer who engages in, teaches and/or condones falsely arresting, maliciously prosecuting, maliciously abusing process and/or using excessive force against citizens and/or arrestees.

 e.  An order permanently restraining and enjoining Defendants Dunne, McLaughlin and/or John Does 1-5 from arresting citizens without adequate probable cause, physically abusing and using excessive force against citizens and/or arrestees.

 f.  An order permanently restraining and enjoining Defendant Borough of Seaside Heights from employing Defendants Dunne, McLaughlin and/or John Does 1-10 as police officers or law enforcement personnel in any capacity except for clerical duty, solely and entirely confining them to Police headquarters and limiting them entirely to desk duty; enjoining Defendants Dunne, McLaughlin and/or John Does 1-10 from any patrol duty, and enjoining Defendants and John Does 1-10 from making arrests, assisting in making arrests and using any force in making arrests and/or assisting in making arrests.

 g.  Any other relief as the Court deems proper and just.

**WHEREFORE**, Plaintiff James Monahan demands judgment against Defendants Borough of Seaside Heights; Thomas Boyd; Stephen Korman; James Hans, Richard Roemmele; Ryan Dunne; Brian McLaughlin and/or John Does 1- 10 on this Count, together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## SUPPLEMENTAL STATE CLAIMS

## VIOLATION OF NEW JERSEY CIVIL RIGHTS ACT (NJCRA)
## COUNT SIX

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. The excessive force used and failure to intervene by Defendants Dunne, McLaughlin, and/or John Does 1-5, set forth at length above, deprived plaintiff of his substantive due process right to be free from unlawful seizure of his person and his fundamental right to liberty secured by the Constitution of the United States and the Constitution of the State of New Jersey, in violation of N.J.S.A. 10:6-1, *et seq.* ("The New Jersey Civil Rights Act")

3. Plaintiff invokes the supplemental jurisdiction of this court to hear and determine this claim.

4. As a direct and proximate result of the aforesaid acts of Defendants Dunne, McLaughlin and/or John Does 1-5, Plaintiff suffered physical injury, medical expenses, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff James Monahan demands judgment against Defendants Dunne, McLaughlin and John Does 1- 5, on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## ASSAULT AND BATTERY
## COUNT SEVEN

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Dunne, McLaughlin and/or John Does 1-5 committed an assault and battery on Plaintiff by physically injuring him without justification and/or by putting him in reasonable apprehension of serious and imminent bodily harm.

3. The assault and battery committed by Defendants was contrary to the laws of the State of New Jersey, and Plaintiff invokes the supplemental jurisdiction of this court to hear and determine this claim.

4. As a result of the intentional, reckless, negligent and/or objectively unreasonable assault and battery, as specifically alleged above, Plaintiff sustained diverse substantial and permanent physical and emotional injuries; medical expenses; pain and suffering, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff James Monahan demands judgment against Defendants Dunne, McLaughlin and/or John Does 1-5, on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## COUNT EIGHT

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. The actions of Defendants Dunne, McLaughlin and/or John Does 1-5 in their use of excessive force upon Plaintiff; their assault and battery of Plaintiff, and their failure to intervene was intentional, extreme and outrageous.

3. As a result of said conduct, Plaintiff sustained severe emotional distress that no person should be expected to endure.

4. As a result of said conduct, as specifically alleged above, Plaintiff sustained diverse substantial and permanent emotional injuries, medical expenses, and will suffer additional special damages in the future in an amount which cannot yet be determined.

5. The acts of the Defendants were in violation of the law of the State of New Jersey, and

Plaintiff invokes the supplemental jurisdiction of this court to hear and determine this claim.

**WHEREFORE**, Plaintiff James Monahan demands judgment against Defendants Dunne, McLaughlin and John Does 1- 5, on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## NEGLIGENCE
## COUNT NINE

1. The previous paragraphs are incorporated herein inclusively as if fully set forth.

2. Defendants Dunne, McLaughlin and/or John Does 1-5 had a duty to the Plaintiff to not expose him to an unreasonable risk of injury.

3. Through the acts and omissions set forth at length above, Defendants Dunne, McLaughlin and/or John Does 1-5 breached that duty.

4. The acts of the Defendants were in violation of the common law of the State of New Jersey, and Plaintiff invokes the supplemental jurisdiction of this court to hear and determine this claim.

5. As a direct and proximate result of their breach of duty to plaintiff, Plaintiff was caused to suffer significant and permanent physical and emotional injury; medical expenses; pain and suffering, and will continue to incur same in the future for some time to come along with additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE**, Plaintiff James Monahan demands judgment against Defendants Dunne, McLaughlin and John Does 1-5, on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

Please be advised that Thomas J. Mallon, Esquire is hereby designated trial counsel in the above captioned matter.

Dated: July 27, 2012				/s/ Thomas J. Mallon, Esquire
					**THOMAS J. MALLON, ESQUIRE**